UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)   Docket No. 18-CR-10176-LTS<br>JASON COBB,           )<br>)<br>Defendant.    )<br>) | |

## GOVERNMENT'S MOTION IN LIMINE
## TO LIMIT THE SCOPE OF METEOROLOGIST TESTIMONY

The government respectfully moves for clarification of the substance and scope of the proposed expert witness testimony of meteorologist Dr. Samuel Miller and to exclude any testimony that falls outside the witness's area of expertise, including any testimony concerning photographs taken at the scene of the defendant's arrest.

On November 19, 2018, counsel for the defendant provided the government with a summary of the testimony she expects to elicit from meteorologist Dr. Samuel Miller. According to the expert disclosure, she expects Dr. Miller will testify that no ice storm occurred in the Boston/Norwood areas during January 23–25, 2018. The disclosure further notes that "Dr. Miller has reviewed photographs taken by the Boston Police Department on the evening of Mr. Cobb's arrest and does not see any ice or damp areas." Def.'s Nov. 19, 2018 Expert Disclosure at 2.

Any opinion by Dr. Miller regarding the scene photographs fails to satisfy the familiar standards established by Fed. R. Evid. 701–703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Under Fed. R. Evid. 702, which codifies *Daubert* and its progeny, an expert "may testify in the form of an opinion or otherwise" only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

1

> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Thus, to be admissible, expert opinion must, at a minimum, be both based on the expert's qualifications in the specific subject for which his testimony is offered and helpful to the trier of fact in understanding the evidence. Testimony from Dr. Miller regarding the scene photographs is neither.

Dr. Miller does not purport to possess any specialized knowledge regarding the interpretation of photographs that is beyond the ken of the average juror. A meteorologist is an individual with specialized education who uses scientific principles to observe, understand, explain, or forecast phenomena in the Earth's atmosphere and/or how the atmosphere affects the planet and its inhabitants. That education does not extend to particularized knowledge regarding how ice or dampness translates into photographic images. *See Whiting v. Boston Edison Co.*, 891 F. Supp. 12, 24 (D. Mass. 1995) ("Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease."); *Comm. v. Olivier*, 57 N.E.3d 1, 11, *rev. denied*, 63 N.E.3d 386 (Mass. App. Ct. 2016) ("Expert witnesses are not permitted to testify to matters outside their area of competence."). To the contrary, the photographs speak for themselves and require no expertise to interpret. *See U.S. v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008) ("Testimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on his or her own."); *U.S. v. Amuso*, 21 F.3d 1251, 1263 (2d Cir. 1994) ("A district court may commit manifest error by admitting expert testimony where . . . the subject matter of the expert's testimony is not beyond

the ken of the average juror."). Dr. Miller should therefore not be permitted to stray from the scope of his meteorological expertise and invade the jury function by opining on them.

## CONCLUSION

For the above stated reasons, the government respectfully requests that defense counsel clarify the substance and scope of Dr. Miller's proposed testimony and that the Court exclude any testimony that falls outside his area of expertise.

Respectfully submitted,

ANDREW E. LELLING
Acting United States Attorney

Dated: November 26, 2018         BY:    */s/ Nicholas Soivilien*
                                        Nicholas Soivilien
                                        Alexia R. De Vincentis
                                        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Nicholas Soivilien*
Nicholas Soivilien