**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 18-cr-10176-LTS |
| JASON COBB | ) ) | |
| Defendant. | ) ) | |

## TRIAL BRIEF OF THE UNITED STATES

The United States, by its undersigned attorneys, respectfully submits this trial brief to identify relevant issues in accordance with the Court's pretrial order. The trial of this matter is scheduled to begin on December 10, 2018. The sole count of the superseding indictment alleges a violation of 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 922(g)(1), it is unlawful for:

> any person, who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The elements of 18 U.S.C. § 922(g)(1), felon in possession of a firearm or ammunition:

**FIRST:** That, at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed a firearm or ammunition; and

**THIRD:** That such possession was in or affecting commerce.

There is also a civil forfeiture action pending against the defendant in the event the

defendant is convicted of the above-alleged charge.

> I. **BRIEF SUMMARY OF THE GOVERNMENT'S CASE**

The defendant was arrested on January 25, 2018, shortly after he fled from Boston Police Department Officers.  On the evening of the 25th, Boston Police Officers Neely and Kennedy observed the defendant in the alley directly adjacent to 880 Cummings Highway in the Boston neighborhood of Mattapan.  Officer Neely has had prior interactions with the defendant and immediately recognized him.[1]  The officers pulled over their unmarked cruiser in order to speak with the defendant.  As soon as the defendant saw the officers, he clutched the front pocket of the black hoody he was wearing and took off running.  Both of the officers observed him clutch his front hoody pocket and observed that the pocket was weighted down.

The defendant then led the officers on a foot chase as he ran down Cummings Highway and turned onto Rockdale Street.  As he was running, both officers observed the defendant continue to clutch his front hoody pocket with his right hand.  The defendant then turned left into the driveway of 18 Rockdale Street and ran around the back, where the officers lost sight of him.  Officer Neely followed the defendant's path, while Officer Kennedy ran around to the other side of 20 Rockdale Street in an attempt to cut the defendant off.  Officer Neely continued up the driveway of 18 Rockdale Street and for his own safety slowly turned the corner behind the house.  As he continued to follow the defendant's path, Officer Neely discovered the defendant lying on the ground in the alley between 18 and 20 Rockdale Street.

Officer Kennedy soon joined them, and the officers placed the defendant under arrest. The officers conducted a search of the defendant and the immediate area, including his front

---

[1] The details of the officer's prior interactions with the defendant and how the Government intends to offer them are subject to the Government's motion in limine filed on November 26, 2018, and discussed in Section II, *infra*.

hoody pocket, but did not locate anything in the defendant's outer garments or in his immediate surroundings.   A subsequent law enforcement search of the area immediately behind 18 and 20 Rockdale Street produced a KEL-TEC, model P3AT, .380 caliber, pistol, missing its magazine but loaded with one round of .380 caliber ammunition head stamped "WIN 380 AUTO" in its chamber.

On May 26, 2018, the homeowner of 20 Rockdale Street, Joan Whyte, was gardening in her backyard and discovered a magazine loaded with five .380 caliber rounds of ammunition head stamped "WIN 380 AUTO."

The firearm and ammunition were examined by an ATF interstate commerce expert who determined that each was manufactured outside Massachusetts and therefore traveled in interstate commerce and also met the definition of firearm and ammunition under federal law.

The firearm and ammunition were tested for the presence of fingerprints, with no useable print recovered.

Finally, prior to January 25, 2018, the defendant had at least one prior conviction for a crime punishable by a term of imprisonment exceeding one year.

## II.     LEGAL ISSUES

The government has filed a motion in limine detailing Officer Neely and the defendant's prior interactions.   As background, Officer Neely first met the defendant when the defendant was serving a prison sentence at the Suffolk County Jail on Nashua Street and Officer Neely was then a prison guard assigned to the defendant's unit for three months, during which time Officer Neely and the defendant had daily interaction.   Additionally, once joining the Boston Police Department, Officer Neely encountered the defendant in Mattapan multiple times on routine patrol.   As outlined in the motion in limine, the government does not intend to introduce the

specific circumstances surrounding Officer Neely's and the defendant's previous interactions; instead, the government seeks to introduce that on previous occasions Officer Neely and the defendant interacted in a civil non-confrontational manner, unlike how their interaction on January 25th transpired.

The government has also filed a motion in limine to admit into evidence an animated simulation video of a firearm test firing during the course of the testimony of government's expert witness.  This video will assist the government's ballistic expert in explaining his testimony to the jury and bears directly upon an element of the crime charged, to wit: that the firearm was a "firearm" as defined in 18 U.S.C. § 921(a)(3).

Finally, the government has filed a motion in limine to exclude any testimony of the defendant's proposed meteorologist witness, Dr. Samuel Miller, that falls outside the witness's area of expertise, including any testimony concerning photographs taken at the scene of the defendant's arrest.  Because Dr. Miller does not purport to possess any specialized knowledge regarding how ice or dampness translates into photographic images that is beyond the ken of the average juror, any opinion testimony by him regarding the photographs is inadmissible.

### III. PROPOSED STIPULATIONS OF FACT

The parties stipulate that prior to January 25, 2018, the defendant had been convicted of a crime punishable by imprisonment exceeding one year and will file a signed stipulation with the Court.

### IV. JURY VOIR DIRE QUESTIONS

The government's proposed jury voir dire questions will be filed pursuant to the Court's Pre-Trial Order.

## V.     PROPOSED JURY INSTRUCTIONS

The government's proposed jury instructions will be filed pursuant to the Court's Pre-Trial Order.

## VI.     SPECIAL ARRANGMENTS

The defendant has filed a motion for a view of the areas surrounding 18 and 20 Rockdale Street in Mattapan, which is currently pending before the Court.   The government has filed its Opposition to that motion.

Respectfully submitted,

ANDREW E. LELLING<br>
United States Attorney

By:    *s/ Nicholas Soivilien*<br>
        Nicholas Soivilien<br>
        Alexia R. De Vincentis<br>
        Assistant U.S. Attorneys

Dated: November 26, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*s/ Nicholas Soivilien*<br>
Nicholas Soivilien