UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 18-10176-LTS |
| | ) | |
| JASON COBB | ) | |

DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT
OR FOR ALTERNATIVE RELIEF

Jason Cobb, by and through his counsel, moves that this Court dismiss the superseding indictment, DE 40, brought in this case on November 7, 2018.

As grounds for this motion, undersigned counsel states that the indictment is duplicitous, in that it charges two separate crimes: possession of a firearm containing one bullet and possession of a clip containing five bullets. The firearm was recovered shortly after Mr. Cobb's arrest on January 25, 2018. The clip, however, was not found until about four months later, and was only discovered because the homeowner, while gardening in the backyard of 20 Rockdale Street, struck it with a hoe.

The government's theory apparently is that Mr. Cobb discarded both the clip and the firearm at the same time, during a foot chase on January 25. But apart from the similarity between the bullet found in the firearm and the ammunition found in the clip, no evidence links the two. It is difficult to imagine how the firearm and the clip could have landed on opposite sides of the large rocky outcropping that, along with a fence, separates the backyard of 20 Rockdale Street from the wooded area where the gun was found. *See* photographs attached as Exhibit 1, 2.

Indeed, if the superseding indictment were dismissed, defendant would move to exclude evidence of the discovery of the clip. Under the government's theory, Mr. Cobb could be

charged with any contraband discovered in the vicinity of the backyard of 18 or 20 Rockdale Street weeks, months, or years after the fact.  For example, if a casing or discharged bullet consistent with the caliber of the bullet in the chamber of the gun found in January were found within a100-yard radius in June, would the government be able to include that ammunition in the same count as the firearm recovered in January?  Such evidence, in the absence of any evidence – whether direct or circumstantial – that Mr. Cobb fired the gun that evening would be more prejudicial than probative.  Inclusion of that evidence in an indictment should not erode the barriers constructed by the Federal Rules of Evidence.

Moreover, the timing of the superseding indictment is suspect.  The original indictment was returned on June 7, after the clip was retrieved by police and turned over to ATF agents.  There is no apparent reason – other than the apparent weakness of the government's case – for the additional ammunition to be added by way of a superseding indictment returned only slightly more than a month before the trial date.

In the alternative, the jury should be instructed that any guilty verdict must be unanimous as to whether the item possessed was the firearm or the clip.  *See United States v. Widi*, 684 F.3d 216, 222-23 (1st Cir. 2012).  In *Widi*, the First Circuit rejected as harmless a defendant's claim that unanimity was required where a single count charged the defendant with possession of firearms found in two different parts of his home.  In doing so, the court cautioned the government:

> Our decisions do endorse the government's position that a unanimity instruction would ordinarily not be necessary so long as the indictment charges possession of guns and ammunition "in one place at one time." [footnote omitted].  But the quoted phrase is not itself a self-executing concept and ought not be read without regard to the facts developed at trial and the underlying issues that the phrase is meant to address.

*Id. See also United States v. Leahy*, 473 F.3d 401, 410 (2007); *United States v. Verrecchia*, 196 F.3d 294, 298 (1st Cir. 1999). *Cf. United States v. DeJohn*, 368 F.3d 533 (6th Cir. 2004) ("The fact-specific rule is that no unanimity instruction is required where multiple firearms charged in a single count were discovered as part of the same transaction.")

While the government's *theory* may be that that clip and firearm were possessed at the same time, inclusion of both in the same count invites the jury to speculate about the circumstances under which they were possessed.

### DEFENDANT'S REQUEST FOR A HEARING

Defendant requests a hearing on this motion.

>
> JASON COBB
> By his attorney,
>
> */s/ Miriam Conrad*
>
> Miriam Conrad
> B.B.O. # 550223
> Federal Public Defender
> 51 Sleeper Street, 5th Floor
> Boston, MA  02210
> Tel: 617-223-8061

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on November 26, 2018.

>
> */s/ Miriam Conrad*
> Miriam Conrad